1  ALEXANDER B. TRUEBLOOD (WA Bar No. 50612)
   TRUEBLOOD LAW FIRM
2  1700 Seventh Ave, Suite 2100
   Seattle, Washington 98101-1360
3  Telephone: (206) 707-9685
   Facsimile: (206) 832-4676
4
   Attorneys for Plaintiffs
5  HECTOR and LINDA LOYOLA

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON
## SPOKANE DIVISION

| | |
|---|---|
| HECTOR LOYOLA, and LINDA LOYOLA,<br><br>    Plaintiffs,<br><br>    vs.<br><br>AMERICAN CREDIT ACCEPTANCE, LLC, PAR, INC., and JILLIAN RAE LEE-BARKER dba COEUR D'ALENE VALLEY RECOVERY SERVICES,<br><br>    Defendants. | Case No: 2:19 CV-2<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**(2) VIOLATIONS OF THE UNIFORM COMMERCIAL CODE**<br><br>**(3) VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT**<br><br>**Demand for Jury Trial** |

COMPLAINT

Plaintiffs Hector and Linda Loyola hereby complain against defendants American Credit Acceptance, LLC ("ACA"), Par, Inc. ("Par"), and Jillian Rae Lee-Barker dba Coeur D'Alene Valley Recovery Services ("Lee-Barker"), and allege on information and belief as follows:

## OPERATIVE FACTS

1. On or about October 30, 2016, plaintiffs purchased a 2012 Dodge Journey from LHM Toyota Spokane, in Spokane, Washington, primarily for personal, family or household use, and signed a retail installment sales contract which gave the dealership a security interest in the vehicle. The dealership assigned the retail installment sale contract and security interest to defendant ACA. Plaintiffs subsequently fell behind on the contract payments.

2. ACA hired defendant Par, a national repossession agency, to repossess plaintiff's vehicle. Defendant Par in turn hired a subcontractor, defendant Lee-Barker, to accomplish the repossession.

3. On or about November 26, 2018, plaintiffs' vehicle was parked in a fenced and locked area at their home in Spokane, Washington. Defendant Lee-Barker, and/or her employees or hirelings, repossessed plaintiffs' vehicle by breaking and removing the latching mechanism on plaintiffs' locked gate, and stealing the mechanism. Accordingly, defendants breached the peace during the repossession, in violation of the Uniform Commercial Code, RCW § 62A.9A-609(b)(2).

## JURISDICTION AND VENUE

4. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d). The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Eastern District of Washington because a substantial part of the events or omissions giving rise to the claim occurred in this district, and defendants are subject to the court's personal jurisdiction here.

## PARTIES

6. Plaintiffs are both natural persons over the age of 18 years and are residents of Spokane, Washington.

7. Defendant American Credit Acceptance, LLC is a South Carolina limited liability company doing business in Washington state.

8. Defendant Par, Inc. is an Indiana corporation doing business in Washington state.

9. Defendant Jillian Rae Lee-Barker is an individual over 18 years old who does business under the fictitious business name Coeur D'Alene Valley Recovery Services. She resides in Hayden, Idaho, and conducts business in Washington state.

10. At all times mentioned herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment. The defendants are jointly and severally liable to plaintiffs.

## FIRST CAUSE OF ACTION
(Against Defendants Par and Lee-Barker for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.).

11. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

12. Plaintiffs are both a "consumer" who allegedly owed a "debt", and defendants are "debt collectors", as those terms are defined at 15 U.S.C. § 1692a. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

13. Defendants violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

2
COMPLAINT

14. Defendants had no present right to repossess plaintiffs' vehicle in breach of the peace, but did so in violation of RCW § 62A.9A-609(b)(2).

15. Plaintiffs are entitled to actual damages sustained as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

16. Plaintiffs are entitled to statutory damages of $1,000 against each defendant, pursuant to 15 U.S.C. § 1692k. Defendants have frequently and persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally. The nature of defendants' violations justifies the maximum statutory damages award available.

17. Plaintiffs are entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiffs pray for relief as set forth below.

**SECOND CAUSE OF ACTION**
**(Against Defendant ACA for Violations of the Uniform Commercial Code, RCW §§ 62A.9A-609 and 62A.9A-625)**

18. Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

19. Defendant ACA violated RCW §§ 62A.9A-609(b)(2) by repossessing plaintiffs' vehicle in breach of the peace.

20. Plaintiffs are entitled to recover the actual damages caused by defendant's failure to comply with the Uniform Commercial Code, pursuant to RCW 62A.9A-625(b) and (c)(1).

21. Plaintiffs are entitled to recover the credit service charge plus ten percent of the principal amount of the obligation, pursuant to RCW 62A.9A-625(c)(2).

WHEREFORE, plaintiffs pray for relief as set forth below.

## THIRD CAUSE OF ACTION
### (Against All Defendants For Violations Of The Washington Consumer Protection Act, RCW § 19.86.910 et seq)

22. Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

23. Defendants committed unfair methods of competition and/or unfair or deceptive acts or practices, in the conduct of any trade or commerce, and therefore violated RCW § 19.86.020.

24. Defendants' acts were injurious to the public interest within the meaning of RCW 19.86.093.

25. Plaintiffs were injured in their business or property by defendants' violations of RCW 19.86.020, and are therefore entitled to injunctive relief, actual damages, and attorneys fees and costs, pursuant to RCW § 19.86.090.

26. In addition to actual damages, plaintiffs are entitled to treble damages not exceeding $25,000, pursuant to RCW § 19.86.090.

WHEREFORE, plaintiffs pray for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for the following relief:

1. For actual damages;

2. For statutory damages;

3. For treble damages;

4. For pre-judgment interest to the extent permitted by law;

5. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

6. For such other and further relief as the Court may deem just and proper.

COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury under the United States and Washington constitutions.

Dated: January 2, 2019   Respectfully Submitted,

TRUEBLOOD LAW FIRM


By: /s *Alexander B. Trueblood*
     Alexander B. Trueblood

Attorneys for Plaintiffs
HECTOR and LINDA LOYOLA