AARON D. DUNHAM (WSBA No. 46405)
WOLFF, HISLOP & CROCKETT, PLLC
12209 E. Mission Ave., Suite 5
Spokane Valley, WA 99206
Telephone (509) 927-9700
Fax (509) 777-1800

Attorneys for Defendants
AMERICAN CREDIT ACCEPTANCE, LLC,
PAR, INC., and JILLIAN RAE LEE-BARKER
dba COEUR D'ALENE VALLEY RECOVERY SERVICES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

SPOKANE DIVISION

| | |
|---|---|
| HECTOR LOYOLA and LINDA LOYOLA, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN CREDIT ACCEPTANCE, LLC, PAR, INC., and JILLIAN RAE LEE-BARKER dba COEUR D'ALENE VALLEY RECOVERY SERVICES, <br><br> Defendants. | Case No.: 2:19 CV-2 <br><br> DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO: (1) COMPEL ARBITRATION AND (2) DISMISS ALL CLAIMS <br><br> 04/10/2019 <br> Without Oral Argument |

## OBJECTION TO REQUESTS FOR JUDICIAL NOTICE

Loyolas' first request for judicial notice is improper, since that document contains allegations, rather than "adjudicative fact[s]" as required by Fed. R. Evid. 201(a). (*See generally* ECF No. 9-4.) Their second request is also improper since that document is a settlement and admissions contained in it were "only for the purposes of [that] proceeding . . . and shall not be admissible in any other criminal or civil proceeding." (ECF No. 9-5 at 5, ¶ 13.) While the documents are irrelevant and unrelated to arbitration, the Court should still deny the improper requests.

## INTRODUCTION

In their motion, the Defendants showed that the Federal Arbitration Act's (FAA's) statutory requirements were met. (*See* ECF No. 6.) Rather than dispute the FAA's applicability, the Loyolas argue that the arbitration provision is invalid or unenforceable. However, these arguments overcome neither the policy or precedent that require arbitration.

## ARGUMENT AND CITATION TO AUTHORITY

**I. An arbitrator must decide all of the Loyolas' objections to arbitrability.**

When a "contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision." *Henry Schein, Inc. v. Archer & White Sales, Inc.,* 139 S. Ct. 524, 528 (2019). This mandate is so strong, it requires delegation of arbitrability "even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless." *Id.* at 529.

A party opposing arbitration must show that the agreement is not enforceable. *See Green Tree Financial Corp. v. Randolph*, 531 U.S. 79, 91-92 (2000). That party must "specifically" challenge the delegation clause, not just the agreement or arbitration provision "as a whole." *See Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 72 (2010).

Here, the arbitration clause delegates to the arbitrator "any claims regarding the validity, enforceability or scope of this Arbitration Provision." (ECF No. 8-1 at 5, ¶ 20.) Rather than challenge this delegation clause, the Loyolas challenge the agreement as a whole and the arbitration provision as a whole. So, this Court should reserve these arguments for the arbitrator. However, even if the Court were to consider these arguments, they lack merit.

## II. The Loyolas' arguments do not focus on delegation, and they lack merit.

**A.** The Defendants have standing to enforce arbitration.

**1.** ACA has standing as the car dealership's assignee.

The Loyolas say: "ACA was assignee *only of the RISC*." (ECF No. 9 at 5, line 11.) But the Retail Installment Sale Contract cannot be read in a vacuum.

By its terms, the Purchase Agreement operates alongside the Installment Contract. Right above the Loyolas' signatures, the Purchase Agreement says: "[T]his document and any documents which are part of this transaction or incorporated herein comprise the entire agreement . . . ." (ECF No. 8-1 at 3.) The

Purchase Agreement defines "Agreement" as "this Retail Purchase Agreement together with any documents incorporated into this Agreement by reference . . . ." (ECF No. 8-1 at 4, ¶ 1.) The Purchase Agreement's arbitration clause references the "Retail Installment Contract." (ECF No. 8-1 at 5, ¶ 20.)   Although the Installment Contract does not reciprocate this reference, that does not override the intent that the parties expressed by signing the documents together. The parties' conduct, and the documents, show a single transaction to buy the car. Mr. Loyola acknowledges signing them together without thinking of them as separate. (ECF No. 9-1 at 3, ¶ 8 ("I did not notice I was signing a second separate agreement . . . .").)  Since the entire agreement was assigned to ACA, it has standing.

**2.** <u>PAR and Lee-Barker have standing as ACA's agents.</u>

The Loyolas cite *Murphy v. DirecTV, Inc.,* 724 F.3d 1218, 1232–33 (9th Cir. 2013), for the proposition that defendants must prove agency. (ECF No. 9 at 6.) But in *Murphy*, the plaintiffs alleged "concerted action" by the defendants. 724 F.3d at 1229. In contrast, the Loyolas alleged agency. (ECF No. 1 at 3, ¶ 10.)

The Loyolas also cite *Roes v. SFBSC Mgmt., LLC*, 656 F. App'x 828 (9th Cir. 2016), which is unpublished. (ECF No. 9 at 6.) But even if this Court were to consider *Roes*, under LCivR 7(g)(2), it is distinguishable. In *Roes*, the defendant filed an answer denying agency "and, more importantly, submitted affirmative evidence contradicting Plaintiffs' allegations." 656 F. App'x at 829.

The Loyolas' other cited cases are also distinguishable. In *Swift v. Zynga Game Network, Inc.*, 805 F. Supp. 2d 904, 916 (N.D. Cal. 2011), the "[d]efendants denied in their answers that they were . . . agents." Furthermore, *National Abortion Federation v. Center for Medical Progress*, 134 F. Supp. 3d 1199, 1200 (N.D. Cal. 2015), does not mention or address arbitration.

The Loyolas alleged agency. (ECF No. 1 at 3, ¶ 10.) The Defendants have not filed answers denying agency. Additionally, under the U.C.C. there is an imposition of agency on breach-of-peace claims. *See* U.C.C. § 9-609 Official Cmt. 3 (2012) ("[S]ecured party is responsible for actions of others taken on the secured party's behalf, including independent contractors;" this is a non-delegable duty). Wash. Rev. Code § 62A.9A-609 is modeled after U.C.C. § 9-609, and therefore imposes the agency relationship on breach-of-peace claims.

As such, PAR and Lee-Barker have standing as agents of ACA.

**3.** <u>The Loyolas are estopped from avoiding arbitration with all Defendants.</u>

The Loyolas argue that equitable estoppel does not apply, relying on cases with claims based on California law, where non-signatories could not compel arbitration. (ECF No. 9 at 6–9 (discussing *Murphy*, 724 F.3d 1218, and *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122 (9th Cir. 2013)).) But the Loyolas' claims are based on Washington law. (*See* ECF No. 1 at 2, ¶ 3 (citing "RCW § 62A.9A-609").) And under Washington law, non-signatories may compel arbitration. *See,*

*e.g.*, *Townsend v. Quadrant Corp.*, 173 Wash. 2d 451, 462 (Wash. 2012); *McClure v. Davis Wright Tremaine*, 77 Wash. App. 312, 316-317 (Wash. Ct. Appeals 1995).

The Loyolas say they alleged "violations of independent duties contained in three statutes," rather than a contract claim. (ECF No. 9 at 9, lines 12-14.) This is incomplete. Their claims all assume a breach-of-peace. (*See* ECF No. 1 at 2, ¶ 3.) Without the contract, ACA would not be a secured party and the Loyolas could not bring the U.C.C. claim, which is the basis of their other claims. *See* Wash. Rev. Code § 62A.9A-609. Their claims are "intertwined with' the underlying contract." *See Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1128 (9th Cir. 2013) (citations omitted) (discussing requirements for equitable estoppel).  So equitable estoppel precludes the Loyolas from arguing that the arbitration provision is unenforceable.

**B.**     The words "court costs" and "between" are not determinative.

The arbitration provision applies unless the Installment Contract "includes its own dispute resolution provision." (ECF No. 8-1 at 5, ¶ 20.) The Installment Contract does not include a dispute resolution provision. (*See* ECF No. 8-2.)

Even so, the Loyolas argue that references to "court costs" in the Installment Contract invalidate the arbitration provision. (ECF No. 9 at 9–10 (citing ECF No. 8-2 at 4, ¶¶ 3c and 3f).) The Loyolas cite a West Virginia case that does not analyze Washington law for this proposition; but even if the case were considered it is distinguishable. In the cited case, the dispute resolution provision *itself* had

five references to the plaintiff's option to sue in court. *See State ex rel. Richmond Am. Homes of W. Va., Inc. v. Sanders*, 717 S.E.2d 909, 924 (W. Va. 2011).

The Loyolas also argue that the phrase "between them" refers to the Loyolas and the dealership only, not the dealership's assignee. (ECF No. 9 at 10.) They cite no authority. This strained reading ignores assignment, agency, and estoppel discussed in the motion (ECF No. 6) and above. This second argument lacks merit.

**C.**  The single-document rule does not preclude arbitration.

As their third argument, the Loyolas suggest that the arbitration provision is unenforceable because of the single-document rule. (ECF No. 9 at 11–12.) But they cite only extra-jurisdictional cases. Furthermore, the law in all those jurisdictions is not settled in the Loyolas' favor. *See Ford v. Antwerpen Motorcars Ltd.*, 117 A.3d 21, 29 (Md. 2015) (enforcing arbitration, despite single-document rule, since installment contract and purchase agreement "indicate an intention that they are to be read together as constituting one transaction").

Under the Retail Installment Sales Act, a retail installment contract generally should "be contained in a single document . . . ." Wash. Rev. Code § 63.14.020. However, this transaction was exempt because the documents complied with the federal Truth-in-Lending Act's disclosure requirements. *See* Wash. Rev. Code § 63.14.151; (compare ECF No. 8-2 with 12 C.F.R. § 1026.18 (TILA disclosures).) Even if the single document rule applied, "[a] contract may substantially comply

with [Wash. Rev. Code § 63.14.010 et. seq.] even though there may be formal or technical violations . . . ." *Lookebill v. Mom's Mobile Homes, Inc.,* 16 Wash. App. 817, 822 (Wash. Ct. Appeals 1977). However, even if there were not substantial compliance, the remedy would not be to invalidate the agreement. *See* Wash. Rev. Code § 63.14.180. The remedy would be a statutory defense or offset to "future installment[s] of principal." *Id.*; *see also Cazzanigi v. Gen. Elec. Credit Corp.,* 132 Wash. 2d 433, 450 (Wash. 1997) (holding that "aside from claims based upon excess service charges, there is no affirmative cause of action . . . for [Retail Installment Sales Act] violations"). So the Loyolas' third argument lacks merit.

**D.**   The integration provision does not preclude arbitration.

As their fourth argument, the Loyolas say the arbitration provision is unenforceable because of an integration provision. (ECF No. 9 at 12–13.) Again, the cases they cite are extra-jurisdictional and the law is not settled in those jurisdictions. *See Lowe v. Nissan of Brandon, Inc.*, 235 So. 3d 1021, 1028 (Fla. Dist. Ct. App. 2018) (reading documents together and certifying conflict with *Duval Motors Co. v. Rogers*, 73 So.3d 261 (Fla. Dist. Ct. App. 2011)); *see also Rota-McLarty v. Santander Consumer USA, Inc.*, 700 F.3d 690, 700 (4th Cir. 2012) (holding installment contract's integration clause did not bar enforcement of purchase agreement's arbitration provision when the purchase agreement "defines the 'Agreement' collectively with other documents made in connection with [it]").

Washington courts "have repeatedly recognized that boilerplate integration clauses are inoperative if they are false." *Denny's Restaurants, Inc. v. Sec. Union Title Ins. Co.*, 71 Wash. App. 194, 203 (Wash. Ct. Appeals 1993).

Here, the Purchase Agreement defines "Agreement" as including other documents, and its arbitration provision specifically references the "Retail Installment Contract." (ECF No. 8-1 at 4, ¶ 1 and at 5, ¶ 20.) Ignoring the Purchase Agreement would mean the parties signed it for no reason, an interpretative result that this Court should avoid. As discussed above, Mr. Loyola acknowledges signing the documents together and thinking of them as one agreement. (*See* ECF No. 9-1 at 3, ¶ 8.) Thus, the parties understood there was only one agreement and the integration provision is inoperative.

Therefore, the Loyolas' fourth argument lacks merit.

**E.** <u>The procedural unconscionability points do not attack delegation.</u>

In their fifth argument, the Loyolas raise nine points about procedural unconscionability. (ECF No. 9 at 14–15.) But these points attack the Purchase Agreement (as a whole) or its arbitration provision (as a whole), not the delegation clause specifically. So, the arbitrator should decide these points.

Points 1–3 are factors for whether a contract (as a whole) is one of adhesion. *See Zuver v. Airtouch Commc'ns, Inc.*, 153 Wash. 2d 293, 304 (Wash. 2004). But just because an arbitration provision is part of a contract of adhesion does not make

it unconscionable. *Walters v. A.A.A. Waterproofing*, 120 Wash. App. 354, 362 (Wash. Ct. App. 2004). As for points 4–9, the Loyolas cite no authority for those being factors for unconscionability and point 9 reiterates the single-document rule addressed above. So, the Loyolas' fifth argument lacks merit.

**F.**     The substantive unconscionability points do not attack delegation.

In their sixth argument, the Loyolas raise six points about substantive unconscionability. (ECF No. 9 at 15–19.) Again, these points attack the Purchase Agreement or the arbitration provision (as a whole), not the delegation clause specifically. The Loyolas should raise these points with the arbitrator, who can use the severability clause to sever terms if they are unconscionable. (*See* ECF No. 8-1 at 5, ¶ 20 (containing severability language).) *See Henry Schein*, 139 S. Ct. at 528.

Point 1, about ACA's right to go to court in limited circumstances, cites cases that do not apply Washington law. Under Washington law this is not unconscionable. *See Walters*, 120 Wash. App. at 359–61. Although the Purchase Agreement lets ACA exercise repossession, the Loyolas could have sought judicial provisional remedies to stop the repossession and both parties may go to small claims court. (ECF No. 8-1 at 5, ¶ 20.) As for points 2–6, the Loyolas do not cite authority for whether those points are factors for unconscionability.

So their sixth argument lacks merit.

**G.**     The arguments that purportedly attack delegation are repetitive.

Lastly, the Loyolas say they challenge the delegation clause. (ECF No. 9 at 19–21.) Instead, they repeat their earlier challenges to the agreement or arbitration provision, as a whole.  First, the Loyolas argue that the Defendants are not signatories, and repeat their reliance on *Kramer*, 537 F.3d 1122. (ECF No. 9 at 19, line 18.) Second, they say "[a]s explained above, the delegation clause was . . . in tiny . . . type. [And we] were not given a copy . . . ." (ECF No. 9 at 20, lines 6–11.) Third, the Loyolas repeat their single-document argument. (ECF No. 9 at 20, lines 14-24.) Fourth, the Loyolas argue that the delegation clause is substantively unconscionable by stating: "[s]ee Section F, above." (ECF No. 9 at 21 lines 4–5.) By pointing to what was discussed above, the Loyolas tacitly concede that they repeat earlier arguments. As already discussed, these arguments lack merit.

**H.**     <u>The Court should dismiss the case with or without prejudice.</u>

The Court has discretion to dismiss or stay this action.  However, a dismissal would be less burdensome on the parties, as it would force the issue of arbitrability to be appealed before rather than at the end of the arbitration.

## CONCLUSION

There is a valid arbitration provision, which complies with the FAA, and covers the Loyolas' claims. Any arbitrability issues – including the arbitration provision's enforceability validity, or scope – were delegated to the arbitrator. So, this Court should grant the motion compelling arbitration and dismissing the case.

Respectfully submitted this 15th day of March, 2019.

WOLFF, HISLOP & CROCKETT, PLLC

By: /s Aaron D. Dunham
Aaron D. Dunham, WSBA No. 46405

Attorney for Defendants
American Credit Acceptance, LLC,
PAR, Inc., and
Jillian Rae Lee-Barker dba Coeur d'Alene Valley Recovery Services

CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice:

FOR PLAINTIFFS

Alexander B. Trueblood
Trueblood Law Firm
1700 Seventh Ave., Suite 2100
Seattle, WA 98101-1360
Telephone: (206) 707-9685
Fax: (206) 832-4676
Email: alec@hush.com

Signed and dated at Spokane Valley, Washington this 15th day of March, 2019.

WOLFF, HISLOP & CROCKETT, PLLC

By: */s Aaron D. Dunham*
Aaron D. Dunham, WSBA No. 46405
12209 E. Mission Ave., Suite 5
Spokane Valley, WA 99206
Telephone: (509) 927-9700
Fax: (509) 777-1800
Email: adunham@whc-attorneys.com